# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV52-C

| | |
|---|---|
| CAROLYN JOYCE CATHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND RECOMMENDATION** |
| LINDA HALL, Lessor of the ) | **AND ORDER** |
| Charlotte Mecklenburg Housing ) | |
| Partnership, Inc., DIANE ) | |
| MOSELEY, and JOHNNIE ) | |
| MOSELEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss" (document #9) and "Memorandum ... in Support ..." (document #10), both filed May 26, 2004; and the pro se Plaintiff's "Objection to Defendant's [sic] Abuse to Answer a Fraud and Forgery with Deception of Motion to Dismiss" (document #12) filed June 2, 2004. The Defendants have not filed a reply and the time for filing a reply brief has long expired.

On June 17, 2005, this motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2004, the Plaintiff, Carolyn Joyce Cathey, filed her pro se Complaint, alleging

claims under 42 U.S.C. § 1983 against the Defendants – Linda Hall, who is the manager of an apartment leased to the Plaintiff by the non-party Charlotte Mecklenburg Housing Partnership, Inc., a private, not-for-profit corporation, and Diane and Johnnie Moseley, who are or were the Plaintiff's next-door neighbors – and contending that the these non-governmental Defendants, that is, private citizens, violated the Plaintiff's rights under the U.S. Constitution by causing or permitting loud noises to emanate from the Moseley's apartment.

On May 26, 2004, the Defendants filed their Motion to Dismiss on the basis, among others, that § 1983 claims must be premised on action taken by a State or other governmental official or entity.

On June 2, 2004, the pro se Plaintiff filed her one-page "Objection to Defendant's [sic] Abuse to Answer a Fraud and Forgery with Deception of Motion to Dismiss," which states in its entirety that:

> Plaintiff cannot give a reply answer, to the Defendant wrong caption form, Finding of a Judgment verdict by answer decision, sentence, against the Plaintiff for the Defendant accomplishment payable to a tax due. (It is easy to see), that Defendant is coming committing herewith a (Criminal Act) of Fraud and Forgery with intentionally deception, to induce Plaintiff to part with something of a prize value or to surrender of a legal Right, by a deceit, trickery, by altering of the Plaintiff Written Complaint instrument to prejudice.

The Defendants' motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

2

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, however, even taking the limited allegations of the pro se Complaint as entirely

true and construing every possible inference therefrom in the Plaintiff's favor, her § 1983 constitutional claims against these private, non-governmental Defendants must be dismissed. Indeed, it is well settled that a § 1983 claim for a constitutional violation may be maintained only against government officials. Accord American Mfrs. Inc. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (in equal protection case, plaintiff entitled to relief, if any, only as to actions taken by government officials); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991) ("constitutional guarantees ... do not apply to the actions of private entities"); and Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000).

In short, no amount of disturbing noises or a landlord's failure to take action to curb the disturbance is sufficient to support § 1983 claims where the allegedly offending parties were all private citizens.[1] Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

---

[1] As the Defendants point out in their brief, even had the Plaintiff included state law claims in her pro se pleading, there would be no basis for exercising federal subject matter jurisdiction over those claims, that is, diversity jurisdiction cannot exist where the parties are all citizens of North Carolina and there is no reason to believe that the amount in controversy even approached, much less exceeded, $75,000. See 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998)(case falls within federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete and amount in controversy exceeds $75,000); and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990)(diversity of citizenship must be "complete," that is, if any plaintiff and any defendant are citizens of same state, diversity does not exist).

4

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants'"Motion to Dismiss" (document #9) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

**Signed: July 18, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge