**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:04CV52-C**

| | |
|---|---|
| **CAROLYN JOYCE CATHEY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>_____ )<br>**LINDA HALL, Lessor of the** )<br>**Charlotte Mecklenburg Housing** )<br>**Partnership, Inc., DIANE** )<br>**MOSELEY, and JOHNNIE** )<br>**MOSELEY,** )<br>)<br>**Defendants.** )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Writ of Protection" (document #24) filed September 10, 2004, "Ammend [sic] Motion for Writ of Protection" (document #25) filed September 13, 2004, and "Motion to Amend the Original Complaint" (document #27) filed November 3, 2004.

On September 20, 2004, the Defendants filed a "Response ..."(document #26) to the Plaintiff's Motions for Writ of Protection, in which they stated their intention to stand upon their "Motion to Dismiss" (document #9) and "Memorandum ... in Support ..." (document #10), both filed May 26, 2004, which, as the undersigned previously has recommended, should be granted by the District Court. See "Memorandum and Recommendation and Order" entered July 18, 2005 (document #35) (recommending that Defendants' Motion to Dismiss be granted and staying all further proceedings pending the District Court's ruling on that recommendation).

Relevant to the subject motions, on March 1, 2004, the Plaintiff, Carolyn Joyce Cathey, filed

her pro se Complaint, alleging claims under 42 U.S.C. § 1983 against the Defendants – Linda Hall, who is the manager of an apartment formerly leased to the Plaintiff by the non-party Charlotte Mecklenburg Housing Partnership, Inc. ("CMHP"), a private, not-for-profit corporation, and Diane and Johnnie Moseley, who were the Plaintiff's next-door neighbors – and contending that the these non-governmental Defendants, that is, private citizens, violated the Plaintiff's rights under the U.S. Constitution by causing or permitting loud noises to emanate from the Moseley's apartment.

On May 26, 2004, the Defendants filed their Motion to Dismiss on the basis, among others, that § 1983 claims must be premised on action taken by a State or other governmental official or entity.

On June 2, 2004, the pro se Plaintiff filed her one-page "Objection to Defendant's [sic] Abuse to Answer a Fraud and Forgery with Deception of Motion to Dismiss," which stated in its entirety that:

> Plaintiff cannot give a reply answer, to the Defendant wrong caption form, Finding of a Judgment verdict by answer decision, sentence, against the Plaintiff for the Defendant accomplishment payable to a tax due. (It is easy to see), that Defendant is coming committing herewith a (Criminal Act) of Fraud and Forgery with intentionally deception, to induce Plaintiff to part with something of a prize value or to surrender of a legal Right, by a deceit, trickery, by altering of the Plaintiff Written Complaint instrument to prejudice.

Document #12.

On September 10 and 13, 2004, respectively, the Plaintiff filed her Motion and Amended Motion for a "Writ of Protection," which are equally nonsensical as the Plaintiff's response to the Defendant's Motion to Dismiss, but which apparently seek relief from an eviction proceeding brought by CMHP in state court. In its Response to the Plaintiff's motions, the Defendants state that although CMHP did file a summary ejectment action in state court, on September 10, 2004, the

Plaintiff voluntarily vacated the apartment and surrendered it to CMHP.

On November 3, 2004, the Plaintiff filed her "Motion to Amend the Original Complaint," which does not contain any additional facts, but purports generally to add a claim for punitive damages.

As noted above, on July 18, 2005, the undersigned respectfully recommended that the Defendants' Motion to Dismiss be granted. See "Memorandum and Recommendation and Order" at 4 (document #35) (the pro se Plaintiff's "§ 1983 constitutional claims against these private, non-governmental Defendants must be dismissed ... [because] § 1983 claims for a constitutional violation may be maintained only against government officials").

Despite being advised both of her right to file objections to the Memorandum and Recommendation and Order – that is, to object to her Complaint being dismissed – and the deadline for doing so, the Plaintiff has not filed objections or responded in any other way.

Concerning Plaintiff's Motion to Amend, it is well settled that leave to amend should be denied where the amendment otherwise would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Taylor v. Progress Energy, 415 F.3d 364, 375 (4th Cir. 2005); U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); and Davis v. Piper Aircraft Corp., 615 F.2d 606, 613-14 (4th Cir. 1980). Accordingly, where the Plaintiff seeks only to recover punitive damages on her baseless § 1983 claims, her Motion to Amend must be denied.

For the same reasons, and, moreover, because the undersigned is unaware of any basis for appealing in federal district court a state court eviction prosecuted by private, non-governmental parties, and because, in any event, the undisputed record establishes that the Plaintiff voluntarily relinquished possession of the apartment that is the subject of her purported Motions for Writ of

Protection, these motions must be <u>denied</u> as well.

        **NOW, THEREFORE, IT IS HEREBY ORDERED:**

    1. The Plaintiff's "Motion for Writ of Protection" (document #24), "Ammend [sic] Motion for Writ of Protection" (document #25), and "Motion to Amend the Original Complaint" (document #27) are **DENIED**.

    2. The **STAY** entered in this matter remains in effect pending the District Court's ruling on the Memorandum and Recommendation and Order (document #35) issued July 18, 2005.

    3. The Clerk is directed to send copies of this Memorandum and Order to the <u>pro se</u> Plaintiff; to counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr</u>.

        **SO ORDERED.**

**Signed: September 27, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge